UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                *Plaintiffs*,

      -against-

ANTHONY DEO *et al.*,

                *Defendants*.
-------------------------------------------------------------X

**FILED**
**CLERK**

**8/1/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**ORDER**</u>
23-CV-6188 (JMW)

A P P E A R A N C E S:

Emanuel Kataev
**Sage Legal LLC**
18211 Jamaica Avenue
Jamaica, NY 11423
*Attorneys for Plaintiffs Superb Motors Inc.,*
*Team Auto Sales LLC and Robert Anthony Urrutia*

Jeffrey Ruderman
**Cyruli Shanks & Zizmor LLP**
420 Lexington Avenue, Suite 2320
New York, NY 10170
*Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76*
*Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian*
*Chabrier, Joshua Aaronson, and Jory Baron*

Jeffrey Benjamin
**The Linden Law Group, PC**
250 Park Avenue
Ste 7th Floor
New York, NY 10177
*Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael*
*Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of*
*Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC*
*LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA*
*Premier Motors Corp.*

**Harry R. Thomasson**
3280 Sunrise Highway, Ste Box 112
Wantagh, NY 11793
*Defendant Appearing Pro Se*

John A. Lentinello
**Milber Makris Plousadis & Seiden, LLP**
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
*Attorneys for Defendants Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP*

*No appearances by other Parties*

**WICKS**, Magistrate Judge:

On March 21, 2025, this Court issued an Opinion and Order that addressed several

Motions to Dismiss (ECF Nos. 164, 168, 175, 176, and 177), and Motions to Amend (ECF Nos.

178, 181). (ECF No. 230.) In relevant part, the Court concluded as such:

> Deo Defendants' Motion to Dismiss (ECF No. 176) is **GRANTED** *in
> part* and **DENIED** *in part*. The following claims are dismissed with prejudice: (a)
> Tortious Interference with Contracts, Business Relations, and Prospective
> Economic Advantage against the Deo Defendants;(b) Defend Trade Secrets Act
> Claims, including Misappropriation under the DTSA against the Deo Defendants;
> (c) Violation of New York Judiciary Law § 487 against Thomasson; (d) Piercing
> the Corporate Veil against Deo;(e) Violation of New York GBL § 349 against Deo;
> (f) Permanent Injunction against Deo; Libertas Funding (g) Declaratory Judgment
> against Deo (h) Contribution and Indemnification for Fraud, Breach of Fiduciary
> Duty, Breach of Loyalty and Conversion against Deo; and (i) Contribution and
> Indemnification for Conversion and Aiding and Abetting Conversion, Fraud,
> Breach of Fiduciary Duty, Bready of Fiduciary Duty against Thomasson. (ii)the
> Bank Defendants' Motions to Dismiss (ECF Nos. 164, 175 and 177)
> are **GRANTED** *in part* and **DENIED** *in part*. The following claims are dismissed
> with prejudice: (a) Permanent Injunction against Libertas Funding; (b) Plaintiffs'
> RICO Claims against Bank Defendants; (c) Conversion claims against the Bank
> Defendants; (d)Negligence and Unauthorized Payments against the Bank
> Defendants; (e) Drawee Liability against Chase Bank; (f)New York UCC §3-419
> against the Bank Defendants; (iii) the CPA Defendants' Motions to Dismiss (ECF
> No. 168) is **GRANTED**. The following claims are dismissed with prejudice: (a)
> Plaintiffs' RICO Claims against CPA Defendants; (b)Plaintiffs' Fraud Claims
> against Jones; and (c)Professional Malpractice against the CPA Defendants. (iv)
> Plaintiffs' Motions for Leave to Amend (ECF Nos. 178 and 181)
> are **GRANTED** *in part* and **DENIED** *in part*, consistent with this Order. Plaintiffs

are directed to file an Amended Complaint consistent with the rulings in the Order on or before April 4, 2025.

(*Id.* at 119-121.)

Now before the Court is Plaintiffs'[1] Motion for Reconsideration (ECF Nos. 240-41), Thomas Jones', CPA, and Jones, Little & Co., CPA's LLP's (the "CPA Defendants") Opposition (ECF Nos. 247-48), Harry Thomasson's Opposition (ECF No. 310), Deo Defendants'[2] Opposition (ECF No. 311), and Plaintiffs' Reply (ECF Nos. 312). For the reasons that follow, Plaintiffs' Motion for Reconsideration (ECF No. 240) is **GRANTED** and, upon reconsideration, the Court adheres to its original decision in part and modifies it in part.

## LEGAL FRAMEWORK

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."). The standards for reconsideration under Local Rule 6.3 and Fed.

---

[1] All Plaintiffs jointly filed the instant motion. (*See* ECF No. 240.)

[2] "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

R. Civ. P. 59 are one of the same. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016).

      Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Notably, "[a] party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC*, No. 14-CV-01061 (ADS) (SIL), 2017 WL 2242872, at *2 (E.D.N.Y. May 22, 2017) (quoting *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016)) (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple). Put simply, a reconsideration motion is not appropriate to simply secure a "do-over." *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases) (Parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

      All that said, reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v.*

*Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same). The question, therefore, is whether any of these grounds have been met. And, it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [] to ensure the finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

Keeping these principles in mind, the Court considers the instant motion.

## DISCUSSION

Plaintiffs seek reconsideration of this Court's March 21, 2025 Opinion & Order (*see* ECF No. 230) that granted *in part* and denied *in part*, the numerous motions filed (ECF Nos. 164, 168, 175-78, 181). Plaintiffs seek reconsideration specifically to the dismissal with prejudice of (i) the causes of action related to Northshore and Sunrise, (ii) professional malpractice claim against the CPA Defendants, and (iii) the fraud claims as against Jones individually. (ECF No. 240 at 1.) Lastly, Plaintiffs request an extension of time to file the amended complaint, as the original deadline was April 4, 2025, for either two weeks following the Court's decision on this

application or "an extension of time *sine die* pending resolution of the instant motion." (*Id.* at 6.)

The Court analyzes each request accordingly.

## I.    <u>Reconsideration</u>

Here, Plaintiffs move the Court for reconsideration under Local Rule 6.3. (ECF No. 240.)

Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after

the entry of the court's order being challenged," which is complied with here. *See* Loc. Civ. R.

6.3.[3] Likewise, under Fed. R. Civ. P. 59(e), the Motion is procedurally proper. *See* Fed. R. Civ. P.

59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry

of the judgment"); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256

(S.D.N.Y. 2017) (internal citations omitted) (collecting cases) ("Sigmon's motion papers state

that his motion arises under Local Civil Rule 6.3. The Court will consider case law arising under

both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for

both are identical"). Since Rule 59 outlines the same standard for reconsideration as Local Rule

6.3 requires, the undersigned analyzes this motion under these rules together. *See Naiman v. New*

*York Univ. Hosps. Ctr.*, No. 95-CV-6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)

---

[3] Plaintiffs aver that rather than a formal motion, they request leave to make this letter motion due to the "emergency nature of the relief requested." (ECF No. 240 at 1 n.2.) Plaintiffs also cite Fed. R. Civ. P. 1 for the proposition that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See id.* (citing Fed. R. Civ. P. 1). The undersigned's rules explicitly state "[a]ny motion seeking (i) a stay of discovery; (ii) the sealing of court documents; or (iii) other non-dispositive relief, such as motions for leave to amend, shall be made in accordance with Rule 3, *infra*, and not by letter motion under this rule." *See* Rule 3(A). Likewise, Loc. Civ. R. 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged. There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." *See* Loc. Civ. R. 6.3. However, for purposes of judicial economy and not having the parties resubmit the moving papers, the Court permits this letter motion as a one-off occasion. *See Mikhaylova v. Bloomingdale's Inc.*, No. 19-CV-8927 (GBD) (SLC), 2022 WL 17986122, at *2 (S.D.N.Y. Dec. 29, 2022) (allowing reconsideration motion in the form of a letter motion). And, interestingly, none of the other parties argue procedural deficiencies.

("Motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure are
governed by the same standards as those governing motions under Rule 6.3 of the Local Civil
Rules of the U.S. District Courts for the Southern and Eastern Districts of New York."); 
*Henderson*, 502 F. Supp. 2d at 375 (same); *Levitant v. Workers Comp. Bd. of New York*, No. 16-
CV-6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) ("'The standards for relief'
under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule
6.3.")

Having determined that procedure was followed, the Court proceeds to analyze the merits
of the motion. "The standard for granting a motion for reconsideration is strict: 'reconsideration
will generally be denied unless the moving party can point to controlling decisions or data that
the court overlooked — matters, in other words, that might reasonably be expected to alter the
conclusion reached by the court.'" *Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp.
3d 231, 234 (E.D.N.Y. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.
1995)).

### A.  *Northshore and Sunrise Claims*

First, Plaintiffs ask the Court to reconsider its dismissal of the causes of action related to
Plaintiffs Northshore and Sunrise. As an initial matter, all oppositions to the underlying Motion
to Amend (ECF No. 181) relate to other causes of action that are not at issue here, namely, the
racketeering and trade secret claims. (*See generally* ECF Nos. 184-88.) Accordingly, the Court
declines to assess futility once again as to these causes of action.

Plaintiffs set out the issues they perceived to be overlooked in the Court's Order (ECF
No. 230). Plaintiffs argue that Counts 18 and 19 of the proposed Third Amended Complaint
("TAC") request declaratory judgment and were not derivative claims contrary to the Court's

characterization.[4] (ECF No. 240 at 5.) Next, Plaintiffs allege that Counts 20 through 39, though

formerly brought as derivative claims, were amended in the TAC to instead assert direct claims

by Plaintiffs Northshore and Sunrise, asserting no prerequisite demand nor adding Northshore

and Sunrise as nominal defendants. (*Id.*) With respect to Counts 22, 31, 36, and 38, Plaintiffs

argue that though the Court characterized these Counts as being brought against Northshore,

while they were in fact brought by Northshore. (*Id.*) Further, Plaintiffs aver that Counts 43 and

44 are for accounting, and "do not address the prerequisite demand nor join Northshore and

Sunrise as nominal defendants." (*Id.*) Finally, Plaintiffs contend that Counts 40 and 41 assert

alternative claims in which Northshore and Sunrise are actual defendants. (*Id.*)

Upon reconsideration, the Court agrees that its previous Order mischaracterized the

above counts as alleged in Plaintiffs' motion. Under New York law, courts use the state of

incorporation to determine whether a claim is direct or derivative. *NAF Holdings, LLC v. Li &*

*Fung (Trading) Ltd.*, 772 F.3d 740, 743 n.2 (2d Cir. 2014) (citations omitted). Here, Sunrise and

Northshore appear to be incorporated in New York, so New York law applies. (ECF No. 65 at ¶¶

8-9.) New York courts have adopted the *Tooley* test to determine if a shareholder's claim is

derivative. *See In re 305 E. 61st St. Grp. LLC*, 130 F.4th 272, 279 (2d Cir. 2025) (collecting New

York cases adopting this test). The *Tooley* test asks the Court to look at "(1) who suffered the

alleged harm (the corporation or the stockholders); and (2) who would receive the benefit of any

recovery or other remedy (the corporation or the stockholders individually)" *Yudell v. Gilbert*,

949 N.Y.S.2d 380, 384 (N.Y. App. Div. 1st Dep't 2012) (citing *Tooley v. Donaldson, Lufkin &*

*Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004)).

---

[4] The Court will refer to the counts as numbered in the TAC (ECF No. 183-1) and as discussed in
Plaintiff's letter motion. Some of the counts in the TAC differ from the counts in the Operative Complaint
as described in Plaintiff's motion. (*See* ECF No. 240 at 5 nn. 5-6.)

Moreover, "[i]t is the general rule that, because a shareholders' derivative suit seeks to vindicate a wrong done to the corporation through enforcement of a corporate cause of action, any recovery obtained is for the benefit of the injured corporation. Where, however, the plaintiff sues in an individual capacity to recover damages resulting in harm, not to the corporation, but to individual shareholders, the suit is personal, not derivative, and it is appropriate for damages to be awarded directly to those shareholders." *Glenn v. Hoteltron Sys., Inc.*, 547 N.E.2d 71, 74 (N.Y. 1989) (internal citations omitted).

However, here, Sunrise and Northshore are corporations bringing the causes of action formerly characterized as derivative. Because these corporations are not shareholders, the causes of action may not be deemed derivative. *See* Fed. R. Civ. P. 23.1(a) (explaining that rule for derivative actions apply when "one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce"); *see also Silver v. Chase Manhattan Bank*, 374 N.Y.S.2d 8, 8 (N.Y. App. Div. 1st Dep't 1975) (stating where an entity sues on its own, that is not a derivative claim); 15 N.Y. Jur. 2d *Business Relationships* § 1141 (noting that "there cannot be a derivative action where the corporation decides to sue in its own right"). Additionally, Counts 22, 31, 36, and 38, are evidently brought by, not against, Northshore. (ECF No. 183-1 at 115, 121, 125-27.)

As for Counts 40 and 41, where Northshore and Sunrise are named defendants, Plaintiffs must bring such claims in the form as a crossclaim. In general, a party may not operate as both a defendant and a plaintiff within the same action. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 498, 500 (S.D.N.Y. 2013) (noting the "established rule that a party may not generally bring claims against itself," and that this extends to parties that are suing and

defending in different capacities (citing *Globe & Rutgers Fire Ins. Co. v. Hines*, 273 F. 774, 777 (2d Cir. 1921))); *United States v. I.C.C.*, 337 U.S. 426, 430 (1949) (finding that the principle that "no person may sue himself" is sound because "courts only adjudicate justiciable controversies," but noting that "courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented"); *see also* Fed. R. Civ. R. 13(g) (permitting a party to bring a crossclaim "against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim …"); *Mura v. Thomas*, No. 19-CV-8699 (AEK), 2021 WL 4481346, at *8 (S.D.N.Y. Sept. 30, 2021) (citing *Luyster v. Textron, Inc.*, 266 F.R.D. 54, 63-64 (S.D.N.Y. 2010) (""A 'coparty' means any existing party to an action that is not an opposing party")). As Counts 40 and 41 are procedurally incorrect, they may not proceed.

Accordingly, the motion for reconsideration is granted as to the aforementioned counts. Having reviewed the characterization of these claims, the Court now analyzes whether the proposed amendment as to these claims should be allowed.

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Under Rule 15—which applies here since the motion to amend was filed before any deadline passed—"the court should grant such leave 'freely… when justice so requires'" pursuant to Rule 15(a)(2). Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co., Inc. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (citations omitted) ("This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has

long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or]
futility.'")

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a
basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344,
350 (2d Cir. 1993) (citation omitted); see also *Ruotolo v. City of New York*, 514 F.3d 184, 191
(2d Cir. 2008) (emphasizing prejudice and bad faith over delay). Although mere delay is
insufficient to deny a motion to amend, the moving party has the burden to "provide satisfactory
explanation for the delay." *United States v. Inc. Village of Island Park*, No. CV-90-0992, 1995
WL 669936, at *1 (E.D.N.Y. Nov. 6, 1995). Ordinarily, where the moving party's fails to
provide a detailed explanation as to why the proposed amendments could not have been alleged
previously, a court will assume there was undue delay. *Perez v. Escobar Construction, Inc.*, 342
F.R.D. 378, 381-82 (S.D.N.Y. 2022).

Here, the Court granted an extension to the parties, requiring that "Plaintiffs' reply to the
second cross-motion for leave to amend shall be served on or before May 13, 2024" and that
"all motion papers . . . be electronically bundle filed on or before May 14, 2024." (Electronic
Order dated April 30, 2024.) Because the Court permitted the motion to amend to be filed on or
by May 14, 2024, and the motion was filed on that day in compliance with the order (*see* ECF
No. 183), the Court finds no undue delay here.

Next, "[w]hile not much case law exists in this Circuit about what constitutes bad faith
for the purposes of denying a motion for leave to amend a pleading, a finding that a party is
seeking leave to amend solely to gain a tactical advantage supports a finding that such an
amendment is made in bad faith." *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB)
(SIL), 2017 WL 3841841, at *5 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*,

2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017) (citations omitted). The burden is on the party

opposing the amendment to establish bad faith. *Contrera v. Langer*, 314 F. Supp. 3d 562, 567

(S.D.N.Y. 2018) ("While the party seeking to amend its pleading must explain any delay, the

party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of

the amendment.'") (citations omitted).

Here, Plaintiffs' TAC contains substantive changes, including no longer asserting

derivative claims, and there is no indication or argument that Plaintiffs "seek [] leave to amend

solely gain a tactical advantage." *Feuer* 2017 WL 3841841, at *5. Further, Defendants do not

carry their burden of establishing bad faith. (*See generally* ECF Nos. 184-188, 190-191.)

Accordingly, the Court finds no bad faith here.

Finally, prejudice to the nonmoving party is perhaps the most important factor when

determining whether to grant a claimant's leave to amend and is often the "most frequent reason

for denying leave to amend." *Ruotolo*, 514 F.3d at 191 (citations omitted). When considering

whether the opposing party may be prejudiced, courts consider whether the new claim would:

"(i) require the opponent to expend significant additional resources to conduct discovery and

prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff

from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. "The degree of

potential prejudice a motion to amend may cause is evaluated against the overall progress of the

litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the

more likely that it will cause prejudice and delay to the nonmoving party." *Mohegan Lake

Motors, Inc. v. Maoli*, No. 16-CV-6717 (NSR)(LMS), 2018 WL 4278352, at *5 (S.D.N.Y. June 8,

2018).

Defendants do not argue that the motion to amend would be prejudicial, instead
emphasizing perceived substantive issues in Plaintiffs' causes of action, futility as to the
racketeering and trade secret claims, and the like. (*See generally* ECF Nos. 184-188, 190-191.)
Plaintiffs, likewise, spend little time addressing prejudice with respect to the claims at issue in
this motion. (*See generally* ECF Nos. 193-194). Though it is Defendants' burden to show undue
prejudice, the Court will nevertheless evaluate whether there is any undue prejudice *See Perez*,
342 F.R.D. at 382 (citing *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F.
Supp. 3d 429, 441 (S.D.N.Y. 2021)).

It is possible that amending the claims here will result in Defendants expending
additional resources to address the claims. However, the mere "possibility that an amendment
will require the expenditure of additional time, effort, or money [does] not constitute undue
prejudice." *Baker v. Saint-Gobain Performance Plastics Corp.*, No. 16-CV-0917 (LEK) (DJS),
2023 WL 2388727, at *4 (N.D.N.Y. Mar. 7, 2023) (alteration in original) (internal quotations
omitted) (quoting *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455 (S.D.N.Y. 2016)).
Further, the claims at issue here involving Northshore and Sunrise existed as purportedly
derivative claims in Plaintiffs' First Amended Complaint (*see generally* ECF No. 65) and are
merely changed to assert non-derivative claims in the TAC (*see generally* ECF No. 183-1).

The factual assertions as to these causes of action are substantially the same in the TAC,
there is little reason to believe that, even if Defendants incur some additional expenditure of time
and money, this expenditure would be unduly prejudicial. It is likely that the discovery and
resource expenditure to address the Northshore and Sunrise claims in the TAC would
substantially comport with the discovery the parties have already undergone to address the
corresponding claims in the First Amended Complaint. Further, discovery is still ongoing until

October 31, 2025. (*See* Electronic Order dated July 2, 2025.) Accordingly, this does not weigh strongly for a finding of undue prejudice for Defendants. *See Blake Marine Grp., LLC v. Frenkel & Co.*, 425 F. Supp. 3d 330, 335 (S.D.N.Y. 2019) (finding no undue prejudice where discovery was ongoing and additional discovery to address amendments would overlap with the ongoing discovery); *see also Khan v. K1 Inv. Mgmt. LLC*, No. 24-CV-07860 (JMW), 2025 WL 1808725, at *6 (E.D.N.Y. July 1, 2025) (collecting cases) (finding no undue prejudice where added claims involving a contract would overlap substantially with existing claims involving that contract and thus "not significantly expand discovery efforts.") However, even if there is some additional delay that would accompany an amendment, that is not sufficient to establish undue prejudice. *Hossain v. Unilever United States, Inc.*, No. 21-CV-2833 (FB) (TAM), 2023 WL 4405654, at *6 (E.D.N.Y. July 7, 2023) (finding that "some limited, additional discovery and delay are not sufficient grounds to preclude granting Defendant permission to amend").

The third factor, regarding the effect on a party bringing a timely action in another jurisdiction, appears irrelevant here, since neither party has raised this issue. *See Thomas v. JPMorgan Chase Bank N.A.*, No. 21 CIV 8477 (JHR) (SLC), 2023 WL 11892332, at *6 (S.D.N.Y. Feb. 27, 2023), *report and recommendation adopted*, No. 21 CIV 8477 (JHR), 2024 WL 3373373 (S.D.N.Y. July 11, 2024) (finding this factor "inapplicable" where neither party argued that denying the motion would cause this issue). The above does not weigh in favor of finding undue prejudice.

Accordingly, upon a weighing of the factors, Plaintiffs may include the above counts in their amended complaint.

14

B. ***Malpractice and Fraud Claims***

Next, as to the professional malpractice against the CPA Defendants and fraud claims against Jones, Plaintiffs allege that as the CPA Defendants, Deo Defendants, and Defendant Flushing Bank produced their documents on April 16, 2024, April 17, 2024, and April 26, 2024, respectively, Plaintiffs were not able to use this discovery as part of their opposition to the motion to dismiss. (ECF No. 240 at 2.) That is because the opposition was due by March 29, 2024. (*Id.*) Plaintiffs further allege that the production established the fraudulent financial statements made and the malpractice therein. (*Id.* at 2-3.) Plaintiffs attach the documents produced as exhibits. (*See* ECF Nos. 241-1-5.)

The arguments made as to this portion of the requested relief do not satisfy grounds for reconsideration. Specifically, there are no grounds to change or modify the Court's earlier Order. *See* Loc. Civ. R. 6.3 ("There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."); *see Blue Castle (Cayman) Ltd. v. Jones*, No. 24-CV-953 (NJC) (ARL), 2025 WL 51215, at *1 (E.D.N.Y. Jan. 8, 2025) ("Plaintiff has not identified any intervening change in controlling law, new evidence, mistake, or the need to correct clear error that would warrant reconsideration under Rules 59, 60, or Local Rule 6.3.") A review of the exhibits attached, which Plaintiffs contend is "new evidence" demonstrates that the information provided to the CPA Defendants is that of what was given or assisted by Plaintiffs' own employee, Kendra Kernizant, as CPA Defendants correctly indicate. (*See* ECF Nos. 241-1; 241-5; 248 at 2-3.) Moreover, as the first set of production in discovery was not completed until after the underlying motion was due, the Court did not overlook any matters.

Thus, since "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[,]'" the court declines the instant request. *Levitant*, 2019 WL 5853438, at *1 (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). This is because Plaintiffs fail to identify how the Court overlooked facts that would change the previous outcome. *See Shrader*, 70 F.3d at 257 ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *B & R Supermarket, Inc. v. Visa Inc.*, No. 17-CV-2738 (MKB), 2025 WL 510041, at *2 (E.D.N.Y. Feb. 14, 2025) (same). The absence of any allegations that the Court overlooked any material facts, misapplied the law, or that circumstances have changed, leads to denial as to this portion of the application.

## II.    Extension of Time to File the Amended Complaint

Lastly, Plaintiffs request an extension of time to file the amended complaint, as the original deadline was April 4, 2025, for either two weeks following the Court's decision on this application or "an extension of time *sine die* pending resolution of the instant motion." (ECF No. 240 at 6.) "It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Da Silva Plastic & Reconstructive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 22-CV-07121 (NCM) (JMW), 2025 WL 240917, at *13 (E.D.N.Y. Jan. 17, 2025) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). Whether to grant or deny leave to amend is within the Court's sound discretion. *Id.* (citing *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019)). As the undersigned is modifying the March 21, 2025 Order *in*

*part*, the Plaintiffs are to adhere to the original directive and file an Amended Complaint consistent with the rulings set forth in ECF No. 230 and herein on or before **August 8, 2025**.[5]

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Reconsideration (ECF No. 240) is **GRANTED**, and Plaintiff is to file the Amended Complaint by **August 8, 2025**, consistent with the rulings herein as well as those in the March 21, 2025 Order (ECF No. 230).

Dated: Central Islip, New York
     August 1, 2025

S O   O R D E R E D:

*/S/ James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

---

[5] The Court is cognizant of the appeal before the Second Circuit currently. However, that appeal is not related to the instant motion or that of this Court's March 21, 2025 Order (ECF No. 230).

17