UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-----------------------------------------------------------------------------------X

SUPERB MOTORS, INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 1239 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1581 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 189 SUNRISE AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 446 ROUTE 23 AUTO LLC, 76 FISK STREET REALTY LLC, BRIAN CHABRIER, *INDIVIDUALLY AND AS A MEMBER OF NORTHSHORE MOTOR LEASING, LLC*, ISLAND AUTO MANAGEMENT LLC, JORY BARON, JOSHUA AARONSON, NORTHSHORE MOTOR LEASING, LLC, ASAD KHAN, IRIS BARON,

**Docket No.:**
25-1330(L)
25-2189(Con)

*Plaintiffs-Appellants*,

\- against –

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., THOMAS JONES CPA, DLA CAPITAL PARTNERS, INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, JPMORGAN CHASE BANK, N.A.,

*Defendants-Appellees*,

NISSAN MOTOR ACCEPTANCE COMPANY, LLC,

*Intervenor.*

-----------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT-APPELLEE FLUSHING BANK'S MOTION TO DISMISS CASE NO. 25-2139 FOR LACK OF JURISDICTION**

# TABLE OF CONTENTS

Pages(s)

PRELIMINARY STATEMENT…………….…………………………………………..1

ARGUMENT……………………………….…………………………..........2

POINT I
THERE IS NO BASIS FOR THIS COURT TO EXERCISE
HYPOTHETICAL JURISDICTION OVER THIS APPEAL…………….……….2

POINT II
THIS COURT SHOULD NOT EXERCISE PENDENT APPELLATE
JURISDICTION BECAUSE THE ISSUES IN CASE NO. 25-1330 ARE
IRRELEVANT TO MOVING APPELLEES…………………………..……...……5

CONCLUSION…………………………………………………………....8

# TABLE OF AUTHORITIES

Pages(s)

Cases

*Abimbola v. Ashcroft*,
378 F.3d 173 (2d Cir. 2004)……………………...……………………………3

*Ahmed v. Holder*,
624 F.3d 150(2d Cir. 2010)……………………………………………..…..4

*Butcher v. Wendt*,
975 F.3d 236 (2d Cir. 2020)…………………………………………...……3, 4

*Doyle v. United States Dep't of Homeland Security*,
959 F.3d 72 (2d Cir. 2020)………………………………………………..…4

*JLM Couture, Inc. v. Gutman*,
91 F.4th 91 (2d Cir. 2024)……………………………………………..……6

*Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*,
35 F.3d 365 (2d Cir. 2004)……………………………………………………7

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010)…………………………………………………...6

*Ogunkoya v. Monaghan*,
913 F.3d 64 (2d Cir. 2019)…………………………..…………………………6

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
162 F.3d 749 (2d Cir. 1998)……………………………………...……………7

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)……………………………………………………...………3

*Zhang v. Zhang*,
No. 19-683, 2022 WL 2057793 (2d Cir. 2022)……………………………………4

Statutes

8 U.S.C. § 1252(a)……………………………………………………...………..4
8 U.S.C. § 1252(d)……………………………………………………...……..3
28 U.S.C. § 1292(a)………………………………………………………….....4
28 U.S.C. § 1292(b)…………………………………...…………………1, 4

Rules

Rule of Civil Procedure 12(b)(6)…………………………………………….3

## PRELIMINARY STATEMENT

Defendant-Appellee Flushing Bank respectfully submits this memorandum of law in further support of its motion to dismiss Case No. 25-2189 for lack of jurisdiction. By pursuing this appeal, Plaintiffs-Appellants continue their pattern of frivolous actions in this matter. The arguments for jurisdiction asserted in their Opposition are without merit and are just another strained attempt to misconstrue the facts of this matter and, to be blunt, to continue to waste the time of the numerous parties they have asserted their baseless claims against.

Plaintiffs-Appellants' claim that Moving Appellees[1] "sat on their rights" by filing their motion after Plaintiffs-Appellants filed their brief is particularly absurd considering the facts of this matter. Plaintiffs-Appellants filed their Notice of Appeal of the Motions to Dismiss Order on August 25, 2025, but did not make a motion seeking a final judgment pursuant to Rule 54(B) of the Federal Rules of Civil Procedure and to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), until about four months later, on December 19, 2025, mere days before filing their brief on December 22, 2025. EDNY Docket No. 365. Not only is this suggestive that Plaintiffs-Appellants were not aware of the proper appellate procedures, but the relief sought by Plaintiffs-Appellants in their motion was admittedly so that they

[1] "Moving Appellees" refers to the parties who have moved to dismiss Case No. 25-2189, specifically, Flushing Bank, JPMorgan Chase Bank, N.A., and Thomas Jones, CPA, and Jones, Little & Co. CPA's LLP.

"may perfect their appeal currently pending" before the Second Circuit. EDNY Docket No. 365-1, p. 5. Despite their last-minute recognition of the Federal Rules of Appellate Procedure, Plaintiffs-Appellants now grasp at straws and nonsensically say there are "numerous available bases for this Court to exercise jurisdiction." Plaintiffs' Combined Memorandum of Law in Opposition to the [Moving Appellee's] Motion to Dismiss the Complaint [Sic] for Lack of Jurisdiction, dated March 23, 2026 (the "Opposition"), at p. 2. However, there are none.

## ARGUMENT

## POINT I

## THERE IS NO BASIS FOR THIS COURT TO EXERCISE HYPOTHETICAL JURISDICTION OVER THIS APPEAL

Although they filed a motion for entry of final judgment and certification of an interlocutory order on the eve of their briefing deadline and admitted they needed the District Court to grant that motion to proceed with this appeal, Plaintiffs-Appellants now claim that this Court should exercise "hypothetical jurisdiction" over this matter. However, they offer not a single substantive explanation of why this Court should do so, reflecting either their failure to understand this doctrine or acknowledgment that such an argument is entirely without merit.

Several Courts of Appeals have proceeded under a theory of "hypothetical jurisdiction", "which find[s] it proper to proceed immediately to the merits question, despite jurisdictional objections, at least where (1) the merits question is more

readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998). The Supreme Court has "decline[d] to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Id.*

Nevertheless, this Court has assumed hypothetical jurisdiction over matters in which Article III of the Constitution is not implicated, but "where the jurisdictional issue is statutory in nature." *Butcher v. Wendt*, 975 F.3d 236, 242-43 (2d Cir. 2020). That is, this Court has made the determination to exercise hypothetical jurisdiction in cases where a "jurisdictional issue presents a particularly difficult and complex problem." *Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir. 2004) (assuming hypothetical jurisdiction over a matter where it was unclear whether the Court had jurisdiction over the claim since the plaintiff "may not have properly exhausted his administrative remedies as required by 8 U.S.C. § 1252(d).")

For example, in *Butcher*, this Court assumed hypothetical jurisdiction over determining the merits of plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), which had been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because of a "novel and arguably complex" jurisdictional issue. 975 F.3d at 244. Specifically, the Court dismissed plaintiff's meritless RICO claims without deciding whether the Court had jurisdiction under

the Rooker-Feldman Doctrine, which grants federal courts the power to hear certain final judgments of state courts pursuant to 28 U.S.C. § 1331. *Id.*; *see also Doyle v. United States Dep't of Homeland Security*, 959 F.3d 72, 79 (2d Cir. 2020) (exercising hypothetical jurisdiction in a case where there was a question of jurisdiction under the Federal Records Act); *Ahmed v. Holder*, 624 F.3d 150, 154-55 (2d Cir. 2010) (declining to decide whether the Court had jurisdiction to review a decision committed by statute to the discretion of the Attorney General under by 8 U.S.C. § 1252(a) when the relief sought by the plaintiff was equitable, because the plaintiff's claims were "unpersuasive on the merits.").

While, admittedly, Plaintiffs-Appellants' claims are as meritless as the *Butcher* plaintiff's RICO causes of action, this is not a case where there is a complex, novel question regarding this Court's jurisdiction. Quite the opposite. The Court clearly lacks jurisdiction over Case No. 25-2139 pursuant to 28 U.S.C. § 1292(a) and § 1292(b) because it is an appeal of a nonfinal and interlocutory order, and Plaintiffs-Appellants motion for entry of a final judgment and certification of an interlocutory order was denied.

Finally, in *Zhang v. Zhang*, No. 19-683, 2022 WL 2057793, at *2 n. 2 (2d Cir. 2022), the Court assumed hypothetical jurisdiction over an appeal that had been consolidated with another because it "present[ed] a merits question similar to the one we are already deciding." As discussed in more detail below, Case No. 25-1330

regards the denial of motions to modify a preliminary injunction that involves the location of certain vehicles controlled by the car dealership parties. It does not involve or impact Moving Appellees and does not, in anyway, present "a merits question similar" to that in Case 25-2139, that is, whether Plaintiffs-Appellants claims, including those under RICO, against the Moving Appellees were properly dismissed.

There is no basis for this Court to exercise hypothetical jurisdiction over Plaintiffs-Appellants' claims. Their argument in support of the application of this doctrine here is nothing short of frivolous.

## POINT II

## THIS COURT SHOULD NOT EXERCISE PENDENT APPELLATE JURISDICTION BECAUSE THE ISSUES IN CASE NO. 25-1330 ARE IRRELEVANT TO MOVING APPELLEES

Plaintiffs-Appellants also argue that this Court should exercise pendent appellate jurisdiction over Case No. 25-2189 because it is "inextricably intertwined" with Case No. 25-1330, which does not involve or impact Moving Appellees. In fact, Moving Appellees were excused from appearances on motions related to the injunction, as well as a CAMP conference scheduled in Case No. 25-1330. EDNY Docket Entries dated October 22, 2024, March 26, 2025, May 1, 2025, and October 9, 2025; Case No. 25-1330 Docket Entry 35.

Specifically, Case No. 25-1330 is the appeal of the District Court's denial of several motions made by Plaintiffs-Appellants to modify a preliminary injunction

that required the Deo Defendants-Appellees to release certain vehicles to Plaintiffs-Appellants and restricted what could be done with those vehicles pending the outcome of this case. EDNY Docket No. 45. Plaintiffs-Appellants now try to argue that the causes of action asserted against Moving Appellees, including RICO claims, that have now been dismissed are "inextricably intertwined" with an injunction that mandates where certain vehicles, that have nothing at all to do with Moving Appellees, are kept. Opposition, p. 6. The blatant inaccuracy of this argument embodies Plaintiffs-Appellants' willingness to continue to make arguments that lack any merit whatsoever.

"[P]endent jurisdiction is a discretionary doctrine applied only "rarely," "sparingly," and in "exceptional circumstances," "if ever." *JLM Couture, Inc. v. Gutman*, 91 F.4th 91, 101 n. 2 (2d Cir. 2024) (denying a request that the Court exercise pendent appellate jurisdiction because the moving party failed to identify an interlocutory order that was inextricably intwined with the appeal of a district court's order modifying a preliminary injunction) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 552-53 (2d Cir. 2010)); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) (declining to exercise pendent appellate jurisdiction over an order denying an interlocutory motion to dismiss because it was not inextricably intertwined with an immediately appealable order denying absolute immunity).

Plaintiffs-Appellants cite *Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 35 F.3d 365, 372 (2d Cir. 2004) in support of their contention that this Court should exercise pendent appellate jurisdiction over Case 25-2189 because it is inextricably intertwined with the issues in Case 25-1330. In *Lamar Advertising*, this Court noted that "[w]e have held that issues usually will not be considered inextricably intertwined where review of the unappealable issue is 'not necessary for review of' the issue over which we have appellate jurisdiction." *Id.* (quoting *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 749, 757-58 (2d Cir. 1998)).

It is abundantly clear that review of the sufficiency of Plaintiffs-Appellants' RICO and other claims against Moving Appellees is not necessary to determine the issues related to the preliminary injunction, which Plaintiffs-Appellants characterize as "[w]hether the district court abused its discretion after first permitting Superb to sell its vehicles because it closed and shut down operations, then denying the Team's ability to sell its vehicles when it closed and shut down operations." Case No. 25-1330, Docket Entry 72.1, at p. 3. The portion of Plaintiffs-Appellants' Brief which addresses the injunction does not discuss or mention any of the claims against Moving Appellees. *See id.* at pp. 22-30.

Thus, this is not a case like *Lamar Advertising*, where the Court held that pendent appellate jurisdiction was proper over the appeal of a nonfinal order denying summary judgment when it was consolidated with the appeal of the denial of a

preliminary injunction, because the "district court denied [plaintiff's] request for a preliminary injunction for the same reasons it denied [plaintiff's] motion for summary judgment." *Id.* Rather, the issues in the two appeals have nothing to do with one another.

The validity of Plaintiffs-Appellants' RICO and other claims against Moving Appellees is not, in any way, "inextricably intertwined" with the issue of whether the district court properly injuncted motor vehicles owned by other parties. To argue otherwise is to completely misrepresent the facts of this matter, and this Court should not exercise pendent jurisdiction over Case No. 25-2189.

## CONCLUSION

Case No. 25-2189 must be dismissed for lack of jurisdiction. Plaintiffs-Appellants not only disregarded proper appellate procedure, they also made a last-minute effort to seek the relief they have admitted was necessary to pursue this appeal by moving for entry of a nonfinal order and certification of an interlocutory appeal. When that motion was correctly denied, they refused to withdraw this appeal despite numerous requests by Moving Appellees' counsel, and despite the CAMP part of this Court cancelling a scheduled settlement conference for Case No. 25-2189 upon learning that the District Court had denied Plaintiffs-Appellants' motion.

Plaintiffs-Appellants now seek to oppose dismissal of Case No. 25-2189 by arguing that the Court has jurisdiction based on doctrines that are completely

inapplicable and cannot be asserted by the Court in this matter. These arguments are so meritless that it is unclear how they have been made with any good faith.

For all the aforementioned reasons, this motion should be granted, and Case No. 25-2189 should be dismissed for lack of jurisdiction.

Dated: Uniondale, New York
March 29, 2026

CULLEN AND DYKMAN LLP

/s/ Ariel E. Ronneburger

Ariel E. Ronneburger
*Attorneys for Defendant-Appellee*
*Flushing Bank*
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
aronneburger@cullenllp.com